MITCHELL JONES v. THOMAS MCMAHON.

151 So. 712.

Opinion Filed December 29, 1933.

*Jones & Green,* for Plaintiff in Error;
*Hull, Landis & Whitehair,* for Defendant in Error.

PER CURIAM.—This was a suit in ejectment involving a narrow strip of land upon which was, and is, growing a row of orange trees. The strip of land is situated in one or the other of two ten-acre adjoining parcels of land. The plaintiff claims that this strip of land was within the parcel which he owned. The defendant claimed that this strip of land was within the parcel of land which he owned. Each produced substantial evidence to maintain his claim. The case was submitted to a referee, jury being waived, and he decided in favor of the plaintiff and rendered a judgment in his favor with damages for mein profits.

Motion for new trial was presented and denied.

On the face of the record the defendant's showing was strong and persuasive. The referee being on the ground and being in position to observe the manner and demeanor of witnesses on the stand, upon substantial evidence to support the same, found in favor of the plaintiff and declined to set aside his findings and grant a new trial. Camp v. Hall, 39 Fla. 535, 22 Sou. 792.

The record will not warrant us in saying that the findings were clearly wrong and that the referee committed error in declining to set same aside. Therefore, we are impelled to let the judgment stand and the same is now affirmed.

So ordered.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

DAVIS, C. J. (concurring).—I think it was error to strike the plea denying possession, but since the real issue was tried and decided by the referee as if such a plea were included in the plea of not guilty, no harm was done by the error complained of as to striking the special plea which in reality was the only plea legally sufficient to raise the issue that was actually tried and decided. Under our statute a plea of not guilty in an ejectment case admits pos-

396

session by defendant of the property sued for in plaintiff's declaration, leaving only the title to it in issue. See Section 5044 C. G. L., 3236 R. G. S. A plea denying possession is peculiarly applicable to a case where the location of the disputed land *on the ground* is in issue, since in such cases there is seldom if ever any controversy as to who owns the land sued for as described in the title deeds of the respective parties.